UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVEN CHRISTOPHER HOFFMAN,

        Petitioner,

        Case No. 1:17-cv-1081

v.

        Honorable Robert J. Jonker

SHANE JACKSON,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.        Factual Allegations

Petitioner Steven Christopher Hoffman is incarcerated with the Michigan Department of Corrections at Carson City Correctional Facility (DRF) in Carson City, Michigan. On January 25, 2013, Petitioner entered a plea of guilty to one count of operating or maintaining a laboratory involving methamphetamine, MICH. COMP. LAWS § 333.7401c. On March 7, 2013, the court imposed a sentence of 180 days in the county jail and two years' probation.

Petitioner completed his term of imprisonment in the county jail; however, he violated the terms of his probation. As a result, on March 24, 2014, Petitioner was sentenced as a habitual offender-fourth offense, MICH. COMP. LAWS § 769.12, to 6 to 20 years' imprisonment. (Pet., ECF No. 1, PageID.1.) He did not appeal. (*Id.*, PageID.2.)

During July of 2015, Petitioner filed a motion in the Eaton County Circuit Court challenging the scoring of sentencing guidelines with respect to his prior record. (*Id.*, PageID.3.) On November 18, 2015, the circuit court denied relief. (*Id.*) Petitioner did not appeal. (*Id.*, PageID.4.)

On July 22, 2016, Petitioner filed another motion in the Eaton County Circuit Court. (*Id.*) The motion challenged Petitioner's sentence as invalid because it was founded on inaccurate information and because his counsel had rendered ineffective assistance. (*Id.*, PageID.5.) The circuit court denied relief by order entered September 13, 2016. (*Id.*) Petitioner sought leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court. (*Id.*) Those courts denied relief by orders entered April 20, 2017, and September 12, 2017, respectively. (*Id.*); *People v. Hoffman*, 901 N.W.2d 380 (Mich. 2017).

On December 5, 2017, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on December 5, 2017. (Pet., ECF No. 1, PageID.14.)

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner never appealed the initial March 24, 2014, probation violation judgment and sentence to the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had six months, until September 24, 2014, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under MICH. CT. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

Petitioner had one year from September 24, 2014, to file his habeas application. Petitioner filed his application on December 5, 2017. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled under the terms of the statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533

4

U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Petitioner filed a motion for relief from judgment under Michigan Court Rules 6.500 *et seq.*, during July of 2015.[1] The court denied the motion on November 18, 2015. Petitioner never appealed the trial court's decision to the Michigan Court of Appeals. In *Quatrine v. Berghuis*, No. 14-1323, 2016 WL 1457878, at *2 (6th Cir. Apr. 12, 2016) (unpublished), the court held that, "[b]ecause Quatrine did not file a timely appeal, or any appeal at all, of the denial of his motion for relief from judgment, the limitations period was not tolled after the state trial court denied his post-conviction motions . . . .") (citing *Evans v. Chavis*, 546 U.S. 189, 197 (2006)). However, in *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016), the Sixth Circuit issued a published opinion holding that the question had never been addressed in the Sixth Circuit and that a petitioner does not retroactively lose the time for filing an appeal on a motion for relief from judgment if he fails to appeal in a timely fashion. Thus, the Sixth Circuit came to contrary conclusions within a four-month period. Nevertheless, given that *Holbrook* is a published decision, the Sixth Circuit now considers the statute of limitations tolled during the period during which a decision denying collateral review could have been appealed.

Petitioner had six months in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his motion remained pending until his time for seeking review in that court expired: May 18, 2016. The statute of limitations began running again on May 19, 2016.

---

[1] Petitioner does not provide the exact date he filed. Instead he identifies the date as "July of 2015." (Pet., ECF No. 1, PageID.3.) To provide Petitioner the greatest benefit of the tolling that occurs when such a motion is filed, the Court will consider the motion filed on July1, 2015.

5

On July 22, 2016, Petitioner filed another motion challenging his sentence in the Eaton County Circuit Court. Petitioner characterizes the motion as a motion to correct sentence under MICH. CT. R. 6.429. Because Petitioner could no longer appeal by right or by leave, however, that rule directs him to seek relief under MICH. CT. R. 6.500 *et seq*. MICH. CT. R. 6.429(B)(4). The running of the period of limitation was tolled when Petitioner filed the motion on July 22, 2016. It remained tolled until after the Michigan Supreme Court denied leave to appeal on September 17, 2017.

The period of limitation ran from September 25, 2014 through June 30, 2015—279 days—before it was tolled by Petitioner's filing of his first motion for relief from judgment. The period began to run again on May 19, 2016, and ran through July 21, 2016—another 64 days. When Petitioner filed his most recent motion challenging his sentence, only 22 days were left to timely file his petition. The period started to run again on September 13, 2017. The last day Petitioner could timely file his petition was October 4, 2017. He filed on December 5, two months too late. His petition is untimely.

In addition to tolling under the statute, the one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of

establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable

diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim he is actually innocent. He entered a plea of guilty and challenges only his sentence. He proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III. Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Dated: December 22, 2017                 /s/ RAY KENT
                                         United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).